UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FLETCHER S. ROBERTS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No.: |
| DREAM FINDERS HOMES, LLC, | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff FLETCHER ROBERTS ("Plaintiff" or "Roberts"), files his Complaint against Defendant, DREAM FINDERS HOMES LLC ("Defendant" or "DFH"), and in support he states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful retaliation against Plaintiff because of his race leading to his unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the Title VII claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Roberts is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Clay County, Florida.

6. Defendant, DFH, is a Florida Limited Liability Company with its principal place of business in Jacksonville, Florida.

7. Plaintiff worked for Defendant at 12 Tabby Lake Ave., St. Augustine, FL 32092.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On September 30, 2019 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on race and retaliation.

11. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12. On June 26, 2020, the EEOC issued a finding of cause.

13. On October 5, 2020 Plaintiff received his Notice of Right to Sue, Conciliation Failure, from the EEOC.

14. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

15. Plaintiff is Caucasian.

16. Caucasian Superintendent, Corey Stewart, regularly referred to Defendant's African American employees as "dumb niggers" in front of and directly to Plaintiff.

17. Plaintiff reported Mr. Stewart's racially discriminatory comments to Caucasian Project Manager, Eric Miller. However, Mr. Miller ratified Mr. Stewart's conduct stating that Mr. Stewart would "…get into these fits and we just have to ride it out." Defendant did not take any remedial action.

18. Mr. Miller proceeded to retaliate against Plaintiff by calling in a roof installation on the project Plaintiff was overseeing before confirming with Plaintiff that everything passed inspection, which caused Plaintiff to fail that inspection. This was the only inspection that Plaintiff failed.

19. Plaintiff then further escalated his protected concerns of discrimination and retaliation to Caucasian Vice President, Don Gullion. Mr. Gullion admitted that Mr. Stewart's and Mr. Miller's conduct was unacceptable and cause for termination; however, Mr. Gullion failed to take any remedial action regarding Mr. Stewart or Mr. Miller. Instead, Mr. Gullion merely promised to relocate Plaintiff.

20. Mr. Gullion did not relocate Plaintiff as promised. Instead, Mr. Gullion demoted Plaintiff to day labor duties, including but not limited to installing drywall and painting entire rooms.

21. As a Superintendent, Plaintiff was required to know the standards to which the physical labor needed to be done and occasionally assist with minor touch ups. The labor duties Defendant was assigning Plaintiff to punish him for his protected activity far exceeded the scope of Plaintiff's duties and of Plaintiff's training. It is evident that Defendant was establishing pretext to terminate Plaintiff.

22. After forcing Plaintiff to perform about a month of hard, physical labor, Defendant terminated Plaintiff under the pretext of performance. However, the performance issues alleged were based off of the physical labor duties that were not part of Plaintiff's job description and training.

23. The temporal proximity between Plaintiff's protected activity, sudden demotion regarding his duties, and subsequent termination further demonstrates pretext.

24. Defendant terminated Plaintiff to retaliate against him for escalating concerns of racial discrimination and retaliation.

25. Plaintiff has been damaged by Defendant's unlawful conduct.

26. Defendant's conduct was willful, wanton, and done with reckless disregard for Plaintiff.

27. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
### Retaliation in Violation of Title VII

28. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-27 above.

29. At all times relevant to this action, Plaintiff engaged in protected conduct under Title VII because he reported concerns of race-based discrimination.

30. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his complaints of race-based discrimination regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

31. Defendant violated Title VII by unlawfully targeting and discriminating against Plaintiff based on his complaints of race-based discrimination.

32. Defendant intentionally discriminated against Plaintiff based on his complaints of race-based discrimination.

33. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief..

34. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count II:
## Retaliation in Violation of the FCRA

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

36. At all times relevant to this action, Plaintiff engaged in protected conduct under the FCRA because of his complaints of race-based discrimination.

37. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his national origin regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

38. Defendant violated FCRA by unlawfully targeting and discriminating against Plaintiff based on his complaints of race-based discrimination.

39. Defendant intentionally discriminated against Plaintiff based on his complaints of race-based discrimination.

40. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

41. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Zane A. Herman**
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
Zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*